IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALIU KAYODE ALABI,

    Plaintiff,

v.                                             CIV No. 1:18-cv-0931-RB-LF

SONNY PERDUE, SECRETARY,
UNITED STATES DEPARTMENT
OF AGRICULTURE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Sonny Perdue's Motion to Exceed Page Limit for Reply, filed on April 7, 2020 (Doc. 113), and Plaintiff Aliu Alabi's Motion to Strike Page[s] 13–22 from Defendant's Reply, filed on April 13, 2020 (Doc. 118).

Mr. Perdue moves to exceed the page limit for his reply to his motion for summary judgment by ten pages. (Doc. 113 at 1.) Counsel for Mr. Perdue (Roberto Ortega) explains that he "requires the additional pages to properly and completely respond to" the arguments and objections in Mr. Alabi's response, as well as to respond to Mr. Alabi's 29 additional material facts. (*Id.*) Mr. Ortega asserts that he contacted Mr. Alabi by phone and by email to obtain his position on the motion but did not receive a response before filing the motion. (*Id.*)

Mr. Alabi insists that he did respond to Mr. Ortega's email and informed him that he would agree to a three-page extension, but not to a ten-page extension. (Docs. 114 at 1; 114-1; 118.) Mr. Alabi submits exhibits to establish that he responded to Mr. Ortega's email on April 7, 2020, at 10:03a.m. (Docs. 114-1; 118-1; 118-4.) Curiously, Mr. Ortega also submits an exhibit that shows the same email thread with a different, later timestamp on Mr. Alabi's email. (Doc. 115-1. ) Mr. Alabi alleges that since discovery in this lawsuit began, he has "noticed kind of hacking on [his]

email account." (Doc. 118 at 2.) He accuses Mr. Ortega of lying to the Court and "knowingly and fraudulently chang[ing] the document's time to pervert justice." (Docs. 118 at 5; *see also* 114 at 1.) Mr. Ortega vehemently denies that he lied or fabricated evidence. (*See* Docs. 115 at 2; 119 at 2.)

While the Court is deeply disturbed by any allegation of dishonesty or fabrication, it does not believe that there is any such conduct here. If Mr. Ortega knew that the motion was opposed, the Court believes he would have said so, as he has done in the past. (*See*, *e.g.*, Doc. 108 at 3 (noting that Mr. Ortega contacted Mr. Alabi to determine whether he opposed a motion to extend time to reply, and Mr. Alabi "strenuously opposed the request and will oppose the . . . motion").) The Court fully credits Mr. Ortega's account of what transpired.

Moreover, Mr. Alabi does not substantively respond to Mr. Ortega's contention that the extra ten pages are necessary, nor does he "identify any prejudice resulting from" the proposed excessive pages. *Higgins for B.P. v. Saavedra*, No. Civ. 17-0234 RB/LF, 2018 WL 555457, at *8 (D.N.M. Jan. 23, 2018) (citation omitted). (*See also* Docs. 113 at 1; 114.) Instead, Mr. Alabi chooses to oppose the motion solely on the ground that Mr. Ortega allegedly failed to follow Local Rule 7.1. (Doc. 114.) *See also* D.N.M. LR-Civ. 7.1(a) ("Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied.")[1] The Court finds that Mr. Ortega *did* include "recitation of a good-faith request for concurrence," *id.*, and the Court will grant the motion to exceed page limits. Accordingly, the Court will deny Mr. Alabi's motion to strike as moot.

**THEREFORE,**

---

[1] The Court notes that Mr. Alabi fails to follow Rule 7.1 in his own Motion to Strike. (*See* Doc. 118.)

**IT IS ORDERED** that Defendant Sonny Perdue's Motion to Exceed Page Limit for Reply (Doc. 113) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff Aliu Alabi's Motion to Strike Page[s] 13–22 from Defendant's Reply (Doc. 118) is **DENIED AS MOOT.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE